**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MUHAYMIN SHABAZZ MUHAMMAD, | Case No.: 1:16-cv-00521-AWI-SAB-PC |
| Plaintiff, | ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND FOR VIOLATION OF LOCAL RULES AND ORDER ON DEFENDANTS' SUMMARY JUDGMENT MOTION |
| v. | |
| COPENHAVER, et al., | |
| Defendants. | (Doc. No. 18) |

Plaintiff Muihaymin Shabazz Muhammad is a federal prisoner proceeding pro se and in forma pauperis in this action pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

**I.    Background**

On January 17, 2017, Defendants Copenhaver, Ciufo, and Overstreet filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Doc. No. 18.) On February 10, 2017, Plaintiff filed a response to the motion for summary judgment. (Doc. No. 19.)

On February 16, 2017, Defendants objected to Plaintiff's response to their motion for summary judgment. (Doc. No. 21.) Defendants noted that Plaintiff's response was unsigned, filed late, and was filed without any proof of service. (Id. at 1.) Defendants requested the response be stricken. Further, Defendants requested that if Plaintiff was given an opportunity to correct the filing, they be permitted time to file a reply brief. (Id.)

On February 17, 2017, the Court ordered Plaintiff's unsigned response to the motion for summary judgment stricken from the record, and permitted Plaintiff thirty days to file a signed opposition or statement of non-opposition to the motion for summary judgment from the date of service

1

of that order. (Doc. No. 22.) The Court's February 17, 2017 order was served by mail on Plaintiff at his address of record.

On February 27, 2017, Plaintiff filed a notice stating that he was being transferred to another institution. (Doc. No. 23.) Plaintiff indicated that he felt the transfer was retaliatory, and that he planned to file an action related to certain alleged destruction of property. (Id. at 1-2.) The notice did not indicate Plaintiff's new mailing address, nor was there any proof of service.

On March 13, 2017, the Court's February 17, 2017 order was returned by the United States Postal Service as "undeliverable, not deliverable as addressed, unable to forward." As of the date of this order, Plaintiff has not provided any updated mailing address to the Court, or otherwise communicated with the Court.

## II. Discussion

Plaintiff is required to keep the Court apprised of his current address at all times. Local Rule 183(b) provides:

> **Address Changes.** A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In this Court's first informational order issued April 14, 2016, Plaintiff was expressly warned of this requirement, and that his case would be dismissed for failure to prosecute if he did not timely update his address. (Doc. No. 2 at p. 5.) Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[1]

In this case, Plaintiff's address change was due no later than May 22, 2017. Nevertheless, Plaintiff has failed to file any change of address form. Although Plaintiff filed a notice of being transferred on February 27, 2017, he did not provide any updated mailing address and has not since been in contact with the Court. Furthermore, Defendants' motion for summary judgment has now been pending for over four months without any response from Plaintiff.

---

[1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. Hells Canyon Preservation Council v. U. S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

2

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); accord Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re PPA, 460 F.3d at 1226 (citation omitted).

Plaintiff's failure to comply with this Court's rules, the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. Id. at 1227. More importantly, given the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address. In re PPA, 460 F.3d at 1228-29; Carey, 856 F.2d at 1441. Therefore, the Court will dismiss this action, without prejudice, based on Plaintiff's failure to prosecute this action.

### III. Conclusion and Order

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. This action is DISMISSED without prejudice based on Plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b) and violation Local Rule 183(b);
2. Defendant's motion for summary judgment (Doc. No. 18) is DENIED as moot; and
3. The Clerk of Court shall CLOSE this case.

IT IS SO ORDERED.

Dated:   May 30, 2017                              _____
                                                   SENIOR DISTRICT JUDGE